IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BART WAYNE WOODARD                                                                PLAINTIFF

v.                              Civil No.: 6:19-CV-06021

SERGEANT DOROTHY GRIFFIN,                                                      DEFENDANTS
LIEUTENANT JENNIFER CARL,
CAPTAIN KING, and WARDEN N. FAUST

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any Complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I. BACKGROUND**

Plaintiff filed his Complaint on February 20, 2019. (ECF No. 1). Because of a Complaint deficiency he was directed to file an Amended Complaint, which he did on March 4, 2019. (ECF No. 7). Plaintiff indicates he filed an earlier lawsuit dealing with the same facts as this case in Case No. 6:17-cv-06126. (*Id*. at 1). This case was dismissed without prejudice on March 7, 2018, because Plaintiff did not exhaust his administrative remedies concerning his claims before filing his case. (ECF No. 16 in 6:17-cv-06126).

Plaintiff is incarcerated in the Arkansas Department of Correction ("ADC") Ouachita River Unit ("ORU"). (*Id*. at 3). Plaintiff alleges that in the end of March or start of April 2017, Defendant Griffin failed to follow ORU policy for moving Inmate Marshall, a "punitive lockdown" inmate. (*Id*. at 4). As a result, Plaintiff was assaulted by Inmate Marshall. (*Id*.). Plaintiff further alleges the Defendants were aware of Inmate Marshall's history of violence against infirm, handicapped, and elderly inmates. (*Id*. at 5). Plaintiff proceeds against Defendant Griffin in his personal capacity. (*Id*.)

Plaintiff alleges Defendants Carl, King, and Faust were deliberately indifferent to the practice of placing violent inmates with elderly and infirm inmates, endangering their personal safety. (*Id*. at 5). Plaintiff alleges it is an ADC custom for individual unit administrators and security staff to make their own policies and procedures, which results in lax security measures. (*Id*. at 6). Plaintiff proceeds against these Defendants in both their official and personal capacities. (*Id*. at 5).

Plaintiff seeks compensatory and punitive damages, an in-depth exam and brain scan by the Arkansas State Mental Hospital, and better officer training. (*Id*. at 7).

## II.  LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted

2

sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

Plaintiff alleged official capacity claims against Defendants Carl, King, and Faust for monetary relief. Defendants Carl, King, and Faust are ADC employees. Therefore, an official capacity claim against these Defendants is a claim against a state agency. States and state agencies are not "persons" subject to suit under § 1983. *Howlett v. Rose,* 496 U.S. 356 (1990)*; Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989); *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). "This bar exists whether the relief sought is legal or equitable." *Williams v. Missouri,* 973 F.2d 599, 599-600 (8th Cir. 1992) *(citing Papasan v. Allain,* 478 U.S. 265, 276 (1986)). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991) (*citing Quern v. Jordan,* 440 U.S. 332, 342 (1979)). Plaintiff's claims against the ADC Defendants are therefore barred by sovereign immunity.

### IV. CONCLUSION

Accordingly, I recommend that Plaintiff's official capacity claims be DISMISSED WITHOUT PREJUDICE. I further recommend that his personal capacity claims against all Defendants remain for further consideration.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this **3rd day of May 2019**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE