IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BART WAYNE WOODARD                                                                    PLAINTIFF

v.                                              Civil No. 6:19-CV-06021

SERGEANT DORTHY GRIFFIN,                                                          DEFENDANTS
LIEUTENANT JENNIFER CARL, and
WARDEN FAUST

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to obey a Court Order and failure to prosecute this case.

### I. BACKGROUND

Plaintiff filed his Complaint on February 20, 2019. (ECF No. 1). Because of a Complaint deficiency he was directed to file an Amended Complaint, which he did on March 4, 2019. (ECF No. 7). Plaintiff indicates he filed an earlier lawsuit dealing with the same facts as this case in Case No. 6:17-cv-06126. (*Id*. at 1). This case was dismissed without prejudice on March 7, 2018, because Plaintiff did not exhaust his administrative remedies concerning his claims before filing his case. (ECF No. 16 in Case No. 6:17-cv-06126).

Plaintiff is incarcerated in the Arkansas Department of Correction ("ADC") Ouachita River Unit ("ORU"). (*Id*. at 3). Plaintiff alleges that in the end of March or start of April 2017, Defendant Griffin failed to follow ORU policy for moving Inmate Marshall, a "punitive

1

lockdown" inmate. (*Id*. at 4). As a result, Plaintiff was assaulted by Inmate Marshall. (*Id*.). Plaintiff further alleges the Defendants were aware of Inmate Marshall's history of violence against infirm, handicapped, and elderly inmates. (*Id*. at 5). Plaintiff proceeds against Defendant Griffin in his personal capacity. (*Id*.)

Plaintiff alleges Defendants Carl, King, and Faust were deliberately indifferent to the practice of placing violent inmates with elderly and infirm inmates, endangering their personal safety. (*Id*. at 5). Plaintiff alleges it is an ADC custom for individual unit administrators and security staff to make their own policies and procedures, which results in lax security measures. (*Id*. at 6). Plaintiff proceeds against these Defendants in both their official and personal capacities. (*Id*. at 5).

Plaintiff seeks compensatory and punitive damages, an in-depth exam and brain scan by the Arkansas State Mental Hospital, and better officer training. (*Id*. at 7).

On June 3, 2019, the Court entered an Order dismissing Plaintiff's official capacity claims against Defendant Carl, King, and Faust. (ECF No. 9).

Defendants filed a Motion to Dismiss on July 3, 2019. (ECF No. 15). On August 5, 2019, the Court entered an Order directing Plaintiff to file his Response to the Motion by August 26, 2019. In the Order, Plaintiff was advised that "failure to timely and properly comply with this Order shall result in the dismissal of this action, without prejudice, pursuant to Local Rule 5.5(c)(2)." (ECF No. 17). On August 22, 2019, Plaintiff filed a Motion for Extension of Time to Respond. (ECF No. 18). The Court granted this Motion, and Plaintiff was given until September 25, 2019, to file his Response. (ECF No. 19). To date, Plaintiff has not filed his Response and has not otherwise communicated with the Court concerning this case.

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III. ANALYSIS

Plaintiff has failed to comply with a Court Order. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV. CONCLUSION

Accordingly, I recommend that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **28th day of January 2020**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

.