IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BART WAYNE WOODARD                                                                    PLAINTIFF

v.                              Case No. 6:19-cv-6021

SERGEANT DOROTHY GRIFFIN;
LIEUTENANT JENNIFER CARL;
CAPTAIN KING; and WARDEN
FAUST                                                                                DEFENDANTS

# ORDER

Before the Court is the Report and Recommendation filed January 28, 2020, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 20. Judge Bryant recommends that Plaintiff's complaint be dismissed without prejudice for failure to comply with a Court order. Plaintiff has responded with objections. ECF No. 23. The Court finds the matter ripe for consideration.

Plaintiff is incarcerated in the Arkansas Department of Correction, Ouachita River Unit, and is representing himself in this action. Plaintiff alleges that his constitutional rights were violated when Defendants failed to protect him from assault by an inmate.[1] ECF No. 7. Plaintiff states that he filed an earlier lawsuit based on the same facts as the present lawsuit, *Woodard v. Griffin*, No. 6:17-cv-6126 (W.D. Ark. 2017), and the earlier lawsuit was dismissed without prejudice for failure to exhaust his administrative remedies.

On July 3, 2019, Defendants Griffin, Carl, and Faust filed a Motion to Dismiss, arguing that Plaintiff had failed to exhaust his administrative remedies. ECF No. 15. The Court entered

---

[1] Plaintiff alleges claims against Defendants Carl, Faust, and King in their official and individual capacities. However, the official-capacity claims have been dismissed. ECF No. 9. Plaintiff alleges claims against Griffin only in her individual capacity.

an order directing Plaintiff to respond to the Motion to Dismiss by August 26, 2019. ECF No. 17. The order advised Plaintiff that "failure to properly comply with this Order shall result in the dismissal of this action, without prejudice, pursuant to Local Rule 5.5(c)(2)." ECF No. 17. Plaintiff moved the Court for an extension of time to file his response. ECF No. 18. The Court granted Plaintiff's motion, and he was given until September 25, 2019, to file his response. ECF No. 19. Plaintiff did not file his response by the deadline.

On January 28, 2020, the Court issued the Report and Recommendation at issue, which recommends that Plaintiff's complaint be dismissed without prejudice for failure to comply with the Court's order directing him to file a response to the Motion to Dismiss. ECF No. 20. Plaintiff's objections were due on February 14, 2020, but he moved the Court for an extension of time. The Court gave Plaintiff until March 4, 2020, to file his objections. ECF No. 22. Plaintiff filed his objections on March 4, 2020. ECF No. 23.

The objections that Plaintiff filed are not responsive to the Report and Recommendation at issue. The objections do not address Plaintiff's failure to file a timely response to the Motion to Dismiss. Instead, Plaintiff's objections address the failure to exhaust argument made by Defendants Griffin, Carl, and Faust in their Motion to Dismiss. Plaintiff does not give any reason or offer any evidence as to why he waited until March 4, 2020, to respond to the arguments in the Motion to Dismiss, despite being ordered to do so by September 25, 2019.

Local Rule 5.5(c)(2) states that a party not represented by counsel must prosecute the action diligently and follow the Federal Rules of Civil Procedure. Local Rule 5.5(c)(2) further states that "[i]f any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Further, the Court may dismiss an action based on "the plaintiff's failure to comply with any court order." *Brown v. Frey*, 806 F.2d 801, 803-04

(8th Cir. 1986); *see* Fed. Rule of Civ. P. 41(b). Plaintiff has failed to obey the Court's order to respond to the Motion to Dismiss by September 25, 2019. After the Court entered that order, more than four months passed without any communication from Plaintiff. On March 4, 2020, only after the recommendation from Magistrate Judge Bryant to dismiss Plaintiff's complaint for failure to obey a court order, Plaintiff addressed the merits of the Motion to Dismiss for the first time. Plaintiff, however, has neither addressed the reason for his tardiness in addressing the motion nor submitted evidence that he was somehow prevented from complying with the Court's deadline. Consequently, the Court agrees with the Judge Bryant and finds that Plaintiff's complaint should be dismissed without prejudice for failure to obey a Court order.

Assuming Plaintiff had filed a timely response to the Motion to Dismiss and the Court were to consider the exhaustion issue, the Court would reach the same result—dismissal of Plaintiff's complaint. It does not appear that Plaintiff has exhausted his administrative remedies as to any of his claims in the amended complaint (ECF No. 7). In his earlier lawsuit, Plaintiff admitted, and the Court concluded that Plaintiff had failed to exhaust his administrative remedies as to any failure to protect claims related to the alleged inmate assault. There is no evidence in the record that shows Plaintiff has since exhausted his administrative remedies as to these claims, which he also alleges in the instant lawsuit. Plaintiff has submitted a grievance that he claims has been exhausted. ECF No. 23-1. That grievance, however, relates to an allegation that Plaintiff is being denied adequate medical care for severe headaches, which is not a claim Plaintiff makes in the instant lawsuit. *See* ECF No. 7. There is no evidence in the record that shows Plaintiff has exhausted his administrative remedies as to any of his claims in the instant lawsuit.

Based on its own de novo review, the Court overrules Plaintiff's objections and adopts the Report and Recommendation *in toto*. ECF No. 20. Plaintiff's complaint is **DISMISSED**

**WITHOUT PREJUDICE** for failure to obey a Court order.

**IT IS SO ORDERED**, this 12th day of March, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge